NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2017[*]
Decided April 13, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-2431

| | |
|---|---|
| MICHAEL SHENEMAN, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Northern District |
| | of Indiana, South Bend Division. |
| *v.* | |
| | No. 3:13-CV-1155 |
| DAVID P. JONES and NEWBY, LEWIS, | |
| KAMINSKI & JONES, LLP, | Theresa L. Springmann, |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Michael Sheneman sued attorney David Jones and his law firm for malpractice, invoking the district court's diversity jurisdiction, *see* 28 U.S.C. § 1332. In answering Sheneman's complaint the defendants disputed the existence of diversity jurisdiction, but later they asked the district court to dismiss the suit on the merits with prejudice,

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

which the court did. On appeal Sheneman challenges the substance of that ruling, but we conclude that the district court lacked subject-matter jurisdiction over this case.

Sheneman was convicted of wire fraud in the Northern District of Indiana in 2011. Jones and his law firm represented Sheneman at trial and on direct appeal. Until he was sentenced Sheneman had lived his entire life in Indiana, where the fraud occurred. After we affirmed his convictions, *see United States v. Sheneman*, 682 F.3d 623 (7th Cir. 2012), Sheneman filed a collateral attack under 28 U.S.C. § 2255 claiming that Jones was constitutionally ineffective at trial. While that § 2255 motion was pending, Sheneman filed this malpractice action in the Northern District of Indiana. He alleged in his complaint that he is incarcerated at a federal prison in Ohio, that he "has a post-release residence with his wife" in Michigan, and that the defendants reside in Indiana. Sheneman attached to his complaint a copy of his request that the Bureau of Prisons update its records by changing his home address from Indiana to Michigan. The district court proposed staying the malpractice action until the conclusion of the § 2255 case, a proposal the defendants endorsed without alerting the district court to their answer contesting subject-matter jurisdiction. Then after the § 2255 motion had been denied, *Sheneman v. United States*, No. 3:12-CV-720 (N.D. Ind. July 8, 2015), the defendants asked the court to dismiss the malpractice case with prejudice on the ground of issue preclusion. The court granted that relief.

In this court Sheneman filed a brief saying nothing about the district court's subject-matter jurisdiction. Jones and his law firm, on the other hand, assert in their brief that Sheneman's malpractice suit was "based on federal diversity jurisdiction" and that the parties are diverse. Their brief does not disclose, however, the defendants' earlier denial that diversity jurisdiction exists. Skeptical, we asked the parties for memoranda addressing Sheneman's citizenship. He responded that he has dissolved his ties to Indiana and "now identifies as a Michigan citizen." His wife and mother reside in Michigan, Sheneman explains, and he intends to live with them in Michigan after his projected release from prison in October 2018. He adds that his home in Indiana was lost to foreclosure after his incarceration. The defendants, in their memorandum, disavow their brief and now assert that they and Sheneman are all citizens of Indiana.

Diversity jurisdiction turns on citizenship, which means domicile, not residence. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). And establishing domicile in a particular state requires physical presence while intending to remain there. *See id.*; *Texas v. Florida*, 306 U.S. 398, 424–25 (1939); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). As Sheneman's jurisdictional memorandum confirms, he was domiciled in

Indiana, not Michigan, when he was incarcerated. Incarceration in a different state does not alter an inmate's domicile unless he intends to make the state of incarceration his home after release. *See Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002); *Singletary v. Cont'l Ill. Nat'l Bank & Tr. Co.*, 9 F.3d 1236, 1238 (7th Cir. 1993). Sheneman does not plan to stay in Ohio, so he has not established domicile there. And neither has he established domicile in Michigan; his intention to live there cannot confer citizenship without physical presence. *See Denlinger*, 87 F.3d at 216. So when he filed this malpractice action, Sheneman was—and he still is—a citizen of Indiana, the same as Jones and his law partners. Thus, the district court did not have subject-matter jurisdiction and should have dismissed the action on that ground rather than proceed to the merits.

One further observation is warranted. In his memorandum Sheneman asserts that his complaint alleged "numerous violations" of federal law in addition to his state-law malpractice claim. That representation is false; Sheneman's complaint exclusively alleges malpractice in violation of Indiana tort law and expressly invokes § 1332, the diversity statute. The complaint does not allege any federal claim.

The judgment of the district court is VACATED, and the case is REMANDED with instructions to dismiss Sheneman's complaint for want of subject-matter jurisdiction.